[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13494
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00018-BAE-GRS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR LEE MANGRAM, JR.,
a.k.a. Chico,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 27, 2014)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Oscar Lee Mangram, Jr., appeals his 48-month sentence for distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Mangram argues that his sentence, which included a 24-month upward variance, was substantively unreasonable. After review, we affirm.

## I. REASONABLENESS

We review the reasonableness of a sentence using a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In a reasonableness review, we first look at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors.[1] United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence has the burden of establishing that the sentence is unreasonable. United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C.§ 3553(a).

Although in choosing a sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately or to state that a particular factor is not applicable.  United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006).  Rather, an acknowledgement that the district court has considered the defendant's arguments and the factors generally will suffice.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Moreover, the weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597).  In reviewing the reasonableness of a sentence outside the advisory guidelines range, we take into account the district court's justification and the extent of the variance, but we do not require extraordinary circumstances to justify such a sentence or presume that the sentence is unreasonable.  Gall, 552 U.S. at 47, 128 S. Ct. at 594-95; United States v. Irey, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc).  The district court's reason for the variance need not be lengthy; a brief explanation may suffice when the context and the record indicates the reasoning

3

behind the chosen sentence.  Irey, 612 F.3d at 1195.  We also must give "'due

deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent of the variance.'"  Id. at 1187 (quoting Gall, 552 U.S. at 51, 128

S. Ct. at 597).  We will vacate such a sentence "only if we are left with the definite

and firm conviction that the district court committed a clear error of judgment in

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case."  United States v. Shaw,

560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

## II.  MANGRAM'S SENTENCE

Mangram has not shown that his above-guidelines sentence is substantively

unreasonable.[2]  Mangram's advisory guidelines range was 18 to 24 months.  In

imposing the 48-month sentence, the district court stressed the need for the

sentence to reflect the seriousness of Mangram's drug offense, to provide just

punishment, deter further criminal conduct and to protect the public.  Mangram

pled guilty to only one count of cocaine distribution.  The presentence

investigation report ("PSI") reported, however, that Mangram was a member of an

extensive drug trafficking organization that involved over thirty individuals and

had operated throughout Southeast Georgia since 2006.  During law enforcement's

undercover investigation, Mangram discussed drug sales in recorded phone calls

---

[2]Mangram does not argue that his sentence is procedurally unreasonable.

4

and made several controlled buys of cocaine to undercover agents.  The facts in the PSI about Mangram's extensive drug trafficking were not disputed.  The district court stated that because Mangram's "involvement with illegal drug sales far exceed[ed] what he [was] pleading guilty to," a sentence above the advisory guidelines range was appropriate.

In addition, the district court considered the history and characteristics of the defendant, emphasizing in particular that Mangram had five prior convictions–two counts of possession of cocaine, possession of a sawed-off shotgun, possession of cocaine with intent to distribute, and battery–for which Mangram had not received any criminal history points due to their age.  In fact, despite having committed such serious crimes, Mangram's criminal history score was 0 and his criminal history category was I.  The district court pointed out that, had Mangram received points for these prior convictions, he would have been designated a career offender, and his guidelines range would have been significantly higher.  The district court acknowledged that Mangram committed some of these prior crimes as a teenager, but also stated that it was clear Mangram had been involved in selling cocaine and other crimes throughout his adult life.[3]

---

[3]Mangram argues that the record does not support the district court's finding that he was involved in criminal activities throughout his adult life.  However, the undisputed facts in the PSI establish that Mangram was a member of a drug trafficking organization that had been operating since at least 2006 and that Mangram had no legitimate source of income for the past ten years.

5

There is no merit to Mangram's argument that the district court should not have considered his prior convictions in imposing an upward variance because it did not impose an upward departure under U.S.S.G. § 4A1.3 for an underrepresented criminal history, as recommended by the probation officer. While the district court can consider conduct used to calculate a defendant's advisory guidelines range in deciding whether to impose a variance, United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007), the district court is not limited to doing so. In fact, § 3553(a) requires the district court to consider the defendant's "history and characteristics," which would include his criminal history not accounted for in the guidelines calculations. Further, this Court has already rejected a similar argument and concluded that "there is no requirement that a district court must impose an enhancement before granting [an upward] variance." United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010). In Rodriguez, we rejected the defendant's argument that the district court was precluded from considering the number of victims in imposing an upward variance because it had not applied a multiple-victims guidelines enhancement. Id. Similarly, a district court's declining to impose an upward departure under § 4A1.3 does not preclude the district court from imposing an upward variance based on unscored prior convictions. Even if a district court concludes a particular fact or factor does not

---

These facts are sufficient to support an inference that Mangram had been involved in illegal activities to support himself during that time period.

6

trigger a guidelines enhancement or departure, the district court may still consider that fact or factor in imposing a variance.  Although Mangram suggests <u>Rodriguez</u> is contrary to Congress's intent to increase uniformity in sentencing, Congress has explicitly provided that there is "[n]o limitation . . . on the information concerning the background, character, and conduct" of the defendant that a court may consider in determining the appropriate sentence.  <u>See</u> 18 U.S.C. § 3661.

We also reject Mangram's argument that the district court was bound by the Sentencing Guidelines' instruction to sentencing courts not to consider convictions that are more than 15 years' old.  First, the Sentencing Guidelines state only that the sentencing court should not assign criminal history points for such convictions.  <u>See</u> U.S.S.G. § 4A1.2(e)(1), (3).  Second, and in any event, after <u>Booker</u>, the Sentencing Guidelines are purely advisory and, while the sentencing court must correctly calculate and consider the advisory guidelines range, the Sentencing Guidelines do not restrict what the sentencing court can consider under the § 3553(a) factors in arriving at an appropriate sentence.  <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 259-265, 125 S.Ct. 738, 764-68 (2005); <u>United States v. Livesay</u>, 525 F.3d 1081, 1089 (11th Cir. 2008).

Finally, Mangram's 48-month sentence is well below the applicable twenty-year statutory maximum sentence, another indication it is reasonable.  <u>See</u> <u>United States v. Gonzalez</u>, 550 F.3d 1319, 1324 (11th Cir. 2008).  Under the totality of the

7

circumstances, we cannot say the district court's decision to vary upward by 24 months from the advisory guidelines range was an abuse of discretion. Accordingly, we affirm Mangram's 48-month sentence.

**AFFIRMED.**